1
2
3
4
5
6
7                  UNITED STATES DISTRICT COURT

8                   EASTERN DISTRICT OF CALIFORNIA

9

10
   RAY ANTHONY JONES,          )  1:11-cv—00666-AWI-SKO-HC
11                             )
                 Petitioner,   )  ORDER DISMISSING THE PETITION
12                             )  WITH LEAVE TO FILE A FIRST
                               )  AMENDED PETITION (DOC. 1)
13      v.                     )
                               )  **DEADLINE:  THIRTY (30) DAYS AFTER**
14   J. D. HARTLEY, Warden,    )  **SERVICE OF THIS ORDER**
                               )
15               Respondent.   )  ORDER DIRECTING THE CLERK TO SEND
                               )  PETITIONER A BLANK PETITION FOR
16   _____  )  WRIT OF HABEAS CORPUS

17
          Petitioner is a state prisoner proceeding pro se and in
18
   forma pauperis with a petition pursuant to 28 U.S.C. § 2254.  The
19
   matter has been referred to the Magistrate Judge pursuant to 28
20
   U.S.C. § 636(b)(1) and Local Rules 302 and 303.  Pending before
21
   the Court is the petition, which was filed on April 27, 2011.
22
          I.  Screening the Petition
23
          Rule 4 of the Rules Governing § 2254 Cases in the United
24
   States District Courts (Habeas Rules) requires the Court to make
25
   a preliminary review of each petition for writ of habeas corpus.
26
   The Court must summarily dismiss a petition "[i]f it plainly
27
   appears from the petition and any attached exhibits that the
28

                                   1

petitioner is not entitled to relief in the district court...." Habeas Rule 4; O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990); see also Hendricks v. Vasquez, 908 F.2d 490 (9th Cir. 1990). Habeas Rule 2(c) requires that a petition 1) specify all grounds of relief available to the Petitioner; 2) state the facts supporting each ground; and 3) state the relief requested. Notice pleading is not sufficient; rather, the petition must state facts that point to a real possibility of constitutional error. Rule 4, Advisory Committee Notes, 1976 Adoption; O'Bremski v. Maass, 915 F.2d at 420 (quoting Blackledge v. Allison, 431 U.S. 63, 75 n. 7 (1977)). Allegations in a petition that are vague, conclusory, or palpably incredible are subject to summary dismissal. Hendricks v. Vasquez, 908 F.2d 490, 491 (9th Cir. 1990).

Further, the Court may dismiss a petition for writ of habeas corpus either on its own motion under Habeas Rule 4, pursuant to the respondent's motion to dismiss, or after an answer to the petition has been filed. Advisory Committee Notes to Habeas Rule 8, 1976 Adoption; see, Herbst v. Cook, 260 F.3d 1039, 1042-43 (9th Cir. 2001).

Here, Petitioner alleges that he is an inmate of the Avenal State Prison serving a sentence of seven (7) years to life for first degree murder imposed by the Merced County Superior Court in 1976. (Pet. 1.) Petitioner challenges the decision of California's Board of Parole Hearings (BPH) made on or about March 3, 2009, after a hearing, to deny Petitioner parole for three years because he was unsuitable. (Pet. 4.) Petitioner alleges that the denial of parole violated his right to due

2

1   process of law protected by the Fourteenth Amendment because 1)

2   the decision rested on unchanging circumstances and was

3   unsupported, 2) was contrary to California statutes and

4   regulatory law concerning factors of suitability, with which

5   Petitioner alleges he has complied, and 3) violated his liberty

6   interest in parole.  (Pet. 4-5, 7.)

7          II.  <u>Failure to State a Cognizable Claim</u>

8          Because the petition was filed after April 24, 1996, the

9   effective date of the Antiterrorism and Effective Death Penalty

10  Act of 1996 (AEDPA), the AEDPA applies in this proceeding.  <u>Lindh</u>

11  <u>v. Murphy</u>, 521 U.S. 320, 327 (1997), <u>cert.</u> <u>denied</u>, 522 U.S. 1008

12  (1997); <u>Furman v. Wood</u>, 190 F.3d 1002, 1004 (9th Cir. 1999).

13         A district court may entertain a petition for a writ of

14  habeas corpus by a person in custody pursuant to the judgment of

15  a state court only on the ground that the custody is in violation

16  of the Constitution, laws, or treaties of the United States.  28

17  U.S.C. §§ 2254(a), 2241(c)(3); <u>Williams v. Taylor</u>, 529 U.S. 362,

18  375 n.7 (2000); <u>Wilson v. Corcoran</u>, 562 U.S. –, -, 131 S.Ct. 13,

19  16 (2010) (per curiam).

20         The Supreme Court has characterized as reasonable the

21  decision of the Court of Appeals for the Ninth Circuit that

22  California law creates a liberty interest in parole protected by

23  the Fourteenth Amendment Due Process Clause, which in turn

24  requires fair procedures with respect to the liberty interest.

25  <u>Swarthout v. Cooke</u>, 562 U.S. –, 131 S.Ct. 859, 861-62 (2011).

26         However, the procedures required for a parole determination

27  are the minimal requirements set forth in <u>Greenholtz v. Inmates</u>

28

                                    3

of Neb. Penal and Correctional Complex, 442 U.S. 1, 12 (1979).[1]
Swarthout v. Cooke, 131 S.Ct. 859, 862.  In Swarthout, the Court
rejected inmates' claims that they were denied a liberty interest
because there was an absence of "some evidence" to support the
decision to deny parole.  The Court stated:

> There is no right under the Federal Constitution
> to be conditionally released before the expiration of
> a valid sentence, and the States are under no duty
> to offer parole to their prisoners.  (Citation omitted.)
> When, however, a State creates a liberty interest,
> the Due Process Clause requires fair procedures for its
> vindication–and federal courts will review the
> application of those constitutionally required procedures.
> In the context of parole, we have held that the procedures
> required are minimal.  In Greenholtz, we found
> that a prisoner subject to a parole statute similar
> to California's received adequate process when he
> was allowed an opportunity to be heard and was provided
> a statement of the reasons why parole was denied.
> (Citation omitted.)

Swarthout, 131 S.Ct. 859, 862.  The Court concluded that the
petitioners had received the process that was due as follows:

> They were allowed to speak at their parole hearings
> and to contest the evidence against them, were afforded
> access to their records in advance, and were notified
> as to the reasons why parole was denied....
>
> That should have been the beginning and the end of
> the federal habeas courts' inquiry into whether

---

[1] In Greenholtz, the Court held that a formal hearing is not required
with respect to a decision concerning granting or denying discretionary
parole; it is sufficient to permit the inmate to have an opportunity to be
heard and to be given a statement of reasons for the decision made. Id. at
16.  The decision maker is not required to state the evidence relied upon in
coming to the decision. Id. at 15-16.  The Court reasoned that because there
is no constitutional or inherent right of a convicted person to be released
conditionally before expiration of a valid sentence, the liberty interest in
discretionary parole is only conditional and thus differs from the liberty
interest of a parolee. Id. at 9.  Further, the discretionary decision to
release one on parole does not involve restrospective factual determinations,
as in disciplinary proceedings in prison; instead, it is generally more
discretionary and predictive, and thus procedures designed to elicit specific
facts are unnecessary. Id. at 13.  In Greenholtz, the Court held that due
process was satisfied where the inmate received a statement of reasons for the
decision and had an effective opportunity to insure that the records being
considered were his records, and to present any special considerations
demonstrating why he was an appropriate candidate for parole. Id. at 15.

1    [the petitioners] received due process.

2    Swarthout, 131 S.Ct. at 862.  The Court in Swarthout expressly

3    noted that California's "some evidence" rule is not a substantive

4    federal requirement, and correct application of California's

5    "some evidence" standard is not required by the federal Due

6    Process Clause.  Id. at 862-63.

7        Here, Petitioner argues that the evidence considered by the

8    BPH and reviewed by the California courts was insufficient to

9    support the denial of parole.  In so arguing, Petitioner asks

10   this Court to engage in the very type of analysis foreclosed by

11   Swarthout.  In this regard, Petitioner does not state facts that

12   point to a real possibility of constitutional error or that

13   otherwise would entitle Petitioner to habeas relief because

14   California's "some evidence" requirement is not a substantive

15   federal requirement.  Review of the record for "some evidence" to

16   support the denial of parole is not within the scope of this

17   Court's habeas review under 28 U.S.C. § 2254.  The Court thus

18   concludes that Petitioner's claim concerning the sufficiency of

19   the evidence to support the unsuitability finding should be

20   dismissed.

21       Petitioner cites state law concerning the appropriate

22   factors of parole suitability and contends that the parole

23   decision was contrary to state law.  To the extent that

24   Petitioner's claim or claims rest on state law, they are not

25   cognizable on federal habeas corpus.  Federal habeas relief is

26   not available to retry a state issue that does not rise to the

27   level of a federal constitutional violation.  Wilson v. Corcoran,

28   562 U.S. — , 131 S.Ct. 13, 16 (2010); Estelle v. McGuire, 502

U.S. 62, 67-68 (1991).  Alleged errors in the application of state law are not cognizable in federal habeas corpus.  <u>Souch v. Schiavo</u>, 289 F.3d 616, 623 (9th Cir. 2002).  Thus, Petitioner's claim concerning the application of California's statutory and regulatory law must be dismissed.

Although Petitioner asserts that his right to due process of law was violated by the decision, Petitioner does not set forth any specific facts concerning his attendance at the parole hearing, his opportunity to be heard, or his receipt of a statement of reasons for the parole decision.  Thus, Petitioner has not alleged facts pointing to a real possibility of a violation of the minimal requirements of due process set forth in <u>Greenholtz v. Inmates of Neb. Penal and Correctional Complex</u>, 442 U.S. 1 (1979).  Further, Petitioner has not submitted any transcript of the parole hearing or other documentation of the parole process.

A petition for habeas corpus should not be dismissed without leave to amend unless it appears that no tenable claim for relief can be pleaded were such leave granted.  <u>Jarvis v. Nelson</u>, 440 F.2d 13, 14 (9th Cir. 1971).

Although Petitioner cannot state a due process claim based on state law or the BPH's application of the "some evidence" requirement, it is logically possible that Petitioner could allege facts showing that in the course of the parole proceedings, he suffered a violation of the minimal due process requirements set forth in <u>Greenholtz</u>.

Accordingly, although the petition will be dismissed, Petitioner will be granted leave to file an amended petition.

III.   <u>Amendment of the Petition</u>

The instant petition must be dismissed for the reasons stated above.  Petitioner will be given an opportunity to file a first amended petition to cure the deficiencies.  Petitioner is advised that failure to file a petition in compliance with this order (i.e., a completed petition with cognizable federal claims clearly stated and with exhaustion of state remedies clearly stated) within the allotted time will result in dismissal of the petition and termination of the action.  Petitioner is advised that the amended petition should be entitled, "First Amended Petition," and it must refer to the case number in this action.

IV.   <u>Disposition</u>

Accordingly, it is ORDERED that:

1) The petition for writ of habeas corpus is DISMISSED with leave to amend; and

2) Petitioner is GRANTED thirty (30) days from the date of service of this order to file an amended petition in compliance with this order; and

3) The Clerk of the Court is DIRECTED to send Petitioner a form for a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

**IT IS SO ORDERED.**

**Dated:   May 11, 2011**              _____/s/ Sheila K. Oberto_____
                                    UNITED STATES MAGISTRATE JUDGE