UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAY ANTHONY JONES, | ) 1:11-cv–00666-AWI-SKO-HC |
| Petitioner, | ) FINDINGS AND RECOMMENDATIONS TO ) DISMISS THE FIRST AMENDED ) PETITION WITHOUT LEAVE TO AMEND |
| v. | ) FOR FAILURE TO STATE A CLAIM ) COGNIZABLE IN A PROCEEDING |
| J. D. HARTLEY, Warden, | ) PURSUANT TO 28 U.S.C. § 2254 ) (DOC. 8) |
| Respondent. | ) ) FINDINGS AND RECOMMENDATIONS TO ) DECLINE TO ISSUE A CERTIFICATE OF APPEALABILITY AND TO DIRECT THE CLERK TO CLOSE THE CASE |

**DEADLINE FOR OBJECTIONS: THIRTY (30) DAYS AFTER SERVICE**

Petitioner is a state prisoner proceeding pro se and in forma pauperis with a petition pursuant to 28 U.S.C. § 2254. The matter has been referred to the Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1) and Local Rules 302 and 303. Pending before the Court is the first amended petition (FAP), which was filed on May 24, 2011.

I. <u>Screening the Petition</u>

Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts (Habeas Rules) requires the Court to make

a preliminary review of each petition for writ of habeas corpus. The Court must summarily dismiss a petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court...." Habeas Rule 4; O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990); see also Hendricks v. Vasquez, 908 F.2d 490 (9th Cir. 1990). Habeas Rule 2(c) requires that a petition 1) specify all grounds of relief available to the Petitioner; 2) state the facts supporting each ground; and 3) state the relief requested. Notice pleading is not sufficient; rather, the petition must state facts that point to a real possibility of constitutional error. Rule 4, Advisory Committee Notes, 1976 Adoption; O'Bremski v. Maass, 915 F.2d at 420 (quoting Blackledge v. Allison, 431 U.S. 63, 75 n. 7 (1977)). Allegations in a petition that are vague, conclusory, or palpably incredible are subject to summary dismissal. Hendricks v. Vasquez, 908 F.2d 490, 491 (9th Cir. 1990).

Further, the Court may dismiss a petition for writ of habeas corpus either on its own motion under Habeas Rule 4, pursuant to the respondent's motion to dismiss, or after an answer to the petition has been filed. Advisory Committee Notes to Habeas Rule 8, 1976 Adoption; see, Herbst v. Cook, 260 F.3d 1039, 1042-43 (9th Cir. 2001).

In the FAP, Petitioner alleges that he is an inmate of the Avenal State Prison serving a sentence of seven (7) years to life for first degree murder imposed by the Merced County Superior Court in 1976. (FAP 1.) Petitioner challenges the decision of California's Board of Parole Hearings (BPH), made at an

2

unspecified time, to deny Petitioner parole.  (Id. at 3.) Petitioner alleges that his right to due process of law under the Fourteenth Amendment was denied because the BPH relied on the unchanging factors of Petitioner's commitment offense.  (Id. ) Petitioner alleges that it turned his eligibility for parole into a de facto life sentence without the possibility of parole. (Id.)

   II.   Failure to State a Cognizable Claim

Because the petition was filed after April 24, 1996, the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), the AEDPA applies in this proceeding.  Lindh v. Murphy, 521 U.S. 320, 327 (1997), cert. denied, 522 U.S. 1008 (1997); Furman v. Wood, 190 F.3d 1002, 1004 (9th Cir. 1999).

A district court may entertain a petition for a writ of habeas corpus by a person in custody pursuant to the judgment of a state court only on the ground that the custody is in violation of the Constitution, laws, or treaties of the United States.  28 U.S.C. §§ 2254(a), 2241(c)(3); Williams v. Taylor, 529 U.S. 362, 375 n.7 (2000); Wilson v. Corcoran, 562 U.S. –, –, 131 S.Ct. 13, 16 (2010) (per curiam).

The Supreme Court has characterized as reasonable the decision of the Court of Appeals for the Ninth Circuit that California law creates a liberty interest in parole protected by the Fourteenth Amendment Due Process Clause, which in turn requires fair procedures with respect to the liberty interest. Swarthout v. Cooke, 562 U.S. –, 131 S.Ct. 859, 861-62 (2011).

However, the procedures required for a parole determination are the minimal requirements set forth in Greenholtz v. Inmates

3

of Neb. Penal and Correctional Complex, 442 U.S. 1, 12 (1979).[1] Swarthout v. Cooke, 131 S.Ct. 859, 862.  In Swarthout, the Court rejected inmates' claims that they were denied a liberty interest because there was an absence of "some evidence" to support the decision to deny parole.  The Court stated:

> There is no right under the Federal Constitution
> to be conditionally released before the expiration of
> a valid sentence, and the States are under no duty
> to offer parole to their prisoners.  (Citation omitted.)
> When, however, a State creates a liberty interest,
> the Due Process Clause requires fair procedures for its
> vindication–and federal courts will review the
> application of those constitutionally required procedures.
> In the context of parole, we have held that the procedures
> required are minimal.  In Greenholtz, we found
> that a prisoner subject to a parole statute similar
> to California's received adequate process when he
> was allowed an opportunity to be heard and was provided
> a statement of the reasons why parole was denied.
> (Citation omitted.)

Swarthout, 131 S.Ct. 859, 862.  The Court concluded that the petitioners had received the process that was due as follows:

> They were allowed to speak at their parole hearings
> and to contest the evidence against them, were afforded
> access to their records in advance, and were notified
> as to the reasons why parole was denied....
>
> That should have been the beginning and the end of
> the federal habeas courts' inquiry into whether

---

[1] In Greenholtz, the Court held that a formal hearing is not required with respect to a decision concerning granting or denying discretionary parole; it is sufficient to permit the inmate to have an opportunity to be heard and to be given a statement of reasons for the decision made. Id. at 16.  The decision maker is not required to state the evidence relied upon in coming to the decision. Id. at 15-16.  The Court reasoned that because there is no constitutional or inherent right of a convicted person to be released conditionally before expiration of a valid sentence, the liberty interest in discretionary parole is only conditional and thus differs from the liberty interest of a parolee. Id. at 9.  Further, the discretionary decision to release one on parole does not involve restrospective factual determinations, as in disciplinary proceedings in prison; instead, it is generally more discretionary and predictive, and thus procedures designed to elicit specific facts are unnecessary. Id. at 13.  In Greenholtz, the Court held that due process was satisfied where the inmate received a statement of reasons for the decision and had an effective opportunity to insure that the records being considered were his records, and to present any special considerations demonstrating why he was an appropriate candidate for parole. Id. at 15.

4

[the petitioners] received due process. <u>Swarthout</u>, 131 S.Ct. at 862.  The Court in <u>Swarthout</u> expressly noted that California's "some evidence" rule is not a substantive federal requirement, and correct application of California's "some evidence" standard is not required by the Federal Due Process Clause.  <u>Id.</u> at 862-63.

Here, Petitioner argues that the BPH improperly relied on evidence relating to Petitioner's crime.  In so arguing, Petitioner asks this Court to engage in the very type of analysis foreclosed by <u>Swarthout</u>.  In this regard, Petitioner does not state facts that point to a real possibility of constitutional error or that otherwise would entitle Petitioner to habeas relief because California's "some evidence" requirement is not a substantive federal requirement.  Review of the record for "some evidence" to support the denial of parole is not within the scope of this Court's habeas review under 28 U.S.C. § 2254.  The Court thus concludes that Petitioner's claim concerning the evidence supporting the unsuitability finding should be dismissed.

A petition for habeas corpus should not be dismissed without leave to amend unless it appears that no tenable claim for relief can be pleaded were such leave granted.  <u>Jarvis v. Nelson</u>, 440 F.2d 13, 14 (9th Cir. 1971).

Although Petitioner asserts that his right to due process of law was violated by the BPH's decision, Petitioner does not set forth any specific facts concerning his attendance at the parole hearing, his opportunity to be heard, or his receipt of a statement of reasons for the parole decision.  Thus, Petitioner has not alleged facts pointing to a real possibility of a

5

violation of the minimal requirements of due process set forth in Greenholtz v. Inmates of Neb. Penal and Correctional Complex, 442 U.S. 1 (1979). Further, Petitioner has not submitted any transcript of the parole hearing or other documentation of the parole process.

Petitioner's initial petition suffered from essentially the same defects. Petitioner was given leave to file a first amended petition because it was logically possible that Petitioner could allege facts showing that in the course of the parole proceedings, he suffered a violation of the minimal due process requirements set forth in Greenholtz. (Doc. 6, 6.) However, despite having been given an opportunity to allege facts that would support such a claim, Petitioner has failed to do so.

The court concludes that it would be futile to grant Petitioner further leave to amend the petition. It will, therefore, be recommended that the FAP be dismissed without leave to amend.

### III. Certificate of Appealability

Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the Court of Appeals from the final order in a habeas proceeding in which the detention complained of arises out of process issued by a state court. 28 U.S.C. § 2253(c)(1)(A); Miller-El v. Cockrell, 537 U.S. 322, 336 (2003). A certificate of appealability may issue only if the applicant makes a substantial showing of the denial of a constitutional right. § 2253(c)(2). Under this standard, a petitioner must show that reasonable jurists could debate whether the petition should have been resolved in a different manner or

6

that the issues presented were adequate to deserve encouragement to proceed further. Miller-El v. Cockrell, 537 U.S. at 336 (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)). A certificate should issue if the Petitioner shows that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in any procedural ruling. Slack v. McDaniel, 529 U.S. 473, 483-84 (2000).

In determining this issue, a court conducts an overview of the claims in the habeas petition, generally assesses their merits, and determines whether the resolution was debatable among jurists of reason or wrong. Id. It is necessary for an applicant to show more than an absence of frivolity or the existence of mere good faith; however, it is not necessary for an applicant to show that the appeal will succeed. Miller-El v. Cockrell, 537 U.S. at 338.

A district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Rule 11(a) of the Rules Governing Section 2254 Cases.

Here, it does not appear that reasonable jurists could debate whether the petition should have been resolved in a different manner. Petitioner has not made a substantial showing of the denial of a constitutional right. Accordingly, it will be recommended that the Court decline to issue a certificate of appealability.

///

///

1    IV.   Recommendations

2    Accordingly, it is RECOMMENDED that:

3    1)   The first amended petition be DISMISSED without leave to
4  amend; and

5    2)   The Court DECLINE to issue a certificate of
6  appealability; and

7    3)   The Clerk be DIRECTED to close the action because
8  dismissal will terminate the proceeding in its entirety.

9    These findings and recommendations are submitted to the
10 United States District Court Judge assigned to the case, pursuant
11 to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of
12 the Local Rules of Practice for the United States District Court,
13 Eastern District of California.  Within thirty (30) days after
14 being served with a copy, any party may file written objections
15 with the Court and serve a copy on all parties.  Such a document
16 should be captioned "Objections to Magistrate Judge's Findings
17 and Recommendations."  Replies to the objections shall be served
18 and filed within fourteen (14) days (plus three (3) days if
19 served by mail) after service of the objections.  The Court will
20 then review the Magistrate Judge's ruling pursuant to 28 U.S.C. §
21 636 (b)(1)(C).  The parties are advised that failure to file
22 objections within the specified time may waive the right to
23 appeal the District Court's order.  Martinez v. Ylst, 951 F.2d
24 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated:   July 29, 2011**            **/s/ Sheila K. Oberto**
                                      UNITED STATES MAGISTRATE JUDGE

8